IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TESFAHIWET KIFLE, | |
| Petitioner, | |
| v. | Case No. 3:19-cv-01854-L (BT) |
| TONY BRYSON, | |
| Respondent. | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Respondent Tony Bryson's Motion to Dismiss Tesfahiwet Kifle's Petition to Amend Certificate of Naturalization (ECF No. 11). For the reasons stated, the Court should GRANT the Motion and DISMISS Kifle's petition.

**Background**

Kifle is a naturalized citizen of the United States who was born in Eritrea. Pet. 2, ¶¶ 6, 11. He immigrated to the United States in 1983 and was naturalized by this Court on December 10, 1990. *Id.* ¶¶ 10, 11. According to Kifle, Eritrea did not have an agency of vital statistics or issue birth certificates when he was born, so, after he fled Eritrea, he approximated his birth date to obtain identification. *Id.* ¶¶ 6, 8. His approximated birth date is reflected on the naturalization certificate issued by this Court. *See* Pet. Ex. A (ECF No. 1-3).

Kifle alleges that, in 2014, his uncle informed him that the approximated birth date he has used for decades is incorrect and that his real birth date could be

determined from his baptismal certificate issued by the local Eritrean Orthodox Tewahdo Church in the village where he was born. Pet. 2-3, ¶ 12. In 2015, he obtained a certified copy of his baptismal certificate, which reflects a birth date different from the approximated birth date reflected on his naturalization certificate. *Id.* 2-3, ¶¶ 12-13; Pet. Ex. B. (ECF No. 1-4). Kifle contends the birth date on the baptismal certificate is accurate and asks the Court to order Respondent, the District Director of the United States Citizenship and Immigration Service (USCIS), to issue him a new naturalization certificate reflecting the birth date that appears on his baptismal certificate. Respondent timely filed his motion to dismiss arguing that USCIS lacks authority to amend Kifle's naturalization certificate and that, to the extent the petition could be construed as a Rule 60(b) motion for relief from judgment, Kifle is not entitled to relief under Rule 60(b). Kifle did not respond to the motion, and the time for doing so has expired. Accordingly, the motion is ripe for determination.

## Legal Standards and Analysis

Kifle asks the Court to "order [USCIS] to issue a new certificate of naturalization reflecting [his] correct date of birth[.]" Pet. 4, ¶ 18. Respondent contends, however, that USCIS is "without authority to amend the naturalization certificate" because the certificate was issued by this Court rather than by USCIS or any predecessor agency. Mot. 5. The parties appear to agree, however, that *the Court* has the authority to amend the naturalization certificate. The Court should

find that it does have such authority but that Kifle is not entitled to an amended certificate under the facts of this case.

Until 1991, courts had "[e]xclusive jurisdiction to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (1988). Courts also had authority "to correct, reopen, alter, modify, or vacate [a] judgment or decree naturalizing such person." *Id.* § 1451(i). The Immigration Act of 1990 transferred "[t]he sole authority to naturalize persons as citizens of the United States" from the courts to the executive branch. 8 U.S.C. § 1421(a); *see also Gorbach v. Reno*, 219 F.3d 1087, 1089 (9th Cir. 2000) (en banc) ("[T]he power to naturalize plainly was shifted by the 1990 amendment from the courts to the [USCIS]."). And "when Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power to . . . modify naturalization documents." *McKenzie v. USCIS*, 761 F.3d 1149, 1156 (10th Cir. 2014). But courts retained the jurisdiction to amend naturalization certificates that were issued before 1991 because modification of those certificates is governed by an earlier act which vested jurisdiction with the courts. *Collins v. USCIS*, 820 F.3d 1096, 1099–1100 (9th Cir. 2016). And when jurisdiction exists, Federal Rule of Civil Procedure 60(b) is the proper vehicle for courts to use in considering whether to amend a naturalization certificate. *See id.* at 1100 n.4; *Magnuson v. Baker*, 911 F.2d 330, 335 n.11 (9th Cir. 1990) ("8 U.S.C. § 1451(i) grants courts the inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60."). *See also* Fed. R. Civ. P.

3

81(a)(3) (providing that the Rules apply to proceedings for admission to citizenship "to the extent that the practice in those proceedings is not specified in federal statutes"); *but see Bazouzi v. Johnson*, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015) (disagreeing that *Magnuson* established Rule 60(b) as the "exclusive vehicle" for setting aside a naturalization order under the former 8 U.S.C. § 1451(i) and "join[ing] the majority of courts in [the Northern District of California] who . . . have allowed amendment" where the petitioner met a three-part test which examines whether there is: (a) clear and convincing evidence that the birth date on the naturalization certificate is wrong; (b) little or no evidence that the petitioner acted fraudulently or in bad faith either when he initially provided the incorrect birth date to immigration authorities or when he later sought to amend the certificate of naturalization; and (c) reliable evidence supporting the birth date that the petitioner now alleges is correct).[1]

Here, Kifle's request should be denied because he has not satisfied the criteria to obtain relief from a final judgment under Rule 60(b). Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

---

[1] Were the Court to apply the three-part test here, as Kifle urges it should, it would nonetheless recommend that Respondent's motion be granted. Kifle concedes that the three-part test requires that the petitioner present reliable evidence supporting the allegedly correct birth date. Pet. 3, ¶ 15. And, while Kifle posits that he has provided a "certified" copy of his baptismal certificate, there is nothing about Kifle's purported baptismal certificate that proves to the Court that the document is authentic or that the birth date it reflects is accurate.

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citations omitted). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

    Kifle, citing Rule 60(b)(6), states that extraordinary circumstances "made it impossible for [him] to determine his exact date of birth" at the time he filed his petition for naturalization. Pet. 1-2, ¶ 3. To the extent Kifle argues that he is entitled to relief under Rule 60(b)(6), the Court disagrees. Rule 60(b)(6) relief is only available in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Such circumstances "may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the

judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal quotation marks and citations omitted).

Kifle has not presented an extraordinary circumstance. Kifle purportedly seeks to have his naturalization certificate amended only for "posterity's sake and for the sake of future generations." Pet. 3-4, ¶ 17. But, as Respondent notes, Kifle has been living in the United States for at least 30 years and presumably transacting all personal and business affairs using the date of birth reflected on his naturalization certificate. The Court does not deem "posterity's sake" an extraordinary circumstance, and Kifle cites no other need for the amendment. *See Hang Chi Wu v. USCIS*, 2019 WL 6877187, at *2 (D. Mass. Dec. 17, 2019) (finding relief under Rule 60(b)(6) warranted where naturalization certificate's "incorrect birth date . . . remains a present and ongoing problem for [the petitioner] and the government since the judgment does not correspond with [the petitioner's] other governmental documents with a correct birth[ ]date"). Moreover, the Court finds that Kifle's four-year delay in seeking to amend his naturalization certificate after obtaining his baptismal certificate weighs against granting relief under Rule 60(b)(6). *See Sea v. USCIS*, 2015 WL 5092509, at *3 (D. Minn. Aug. 28, 2015) (finding petitioner failed to meet Rule 60(b)(6) requirements to amend naturalization certificate where he waited over 20 years to seek relief after discovering birth date he gave immigration authorities was false); *Yeshiwas v. USCIS*, 2014 WL 31455, at *3 (N.D. Cal. Jan. 3, 2014) (same).

Kifle is likewise not entitled to relief under Rule 60(b)(1)-(5). Relief under Rule 60(b)(1)-(3) must be sought within one year after the entry of the judgment or order at issue. Fed. R. Civ. P. 60(c)(1). And Rule 60(b)(4) and (5) are unavailing, as Kifle makes no argument that the judgment at issue is void or has been discharged or satisfied.

Finally, Kifle is not entitled to relief under Rule 60(d), which provides for an independent action to relieve a party from judgment but "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998) (interpreting *former* Rule 60(b) which included provision for independent action now codified at Rule 60(d)); *see also United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) (holding the independent-action clause of former Rule 60(b) provides only a "narrow avenue" for an independent action). There is no grave miscarriage of justice in this case. Kifle seeks only to amend his naturalization certificate for "posterity's sake."

Because Kifle has not established that he is entitled to relief under Rule 60(b), the Court should GRANT Respondent's Motion (ECF No. 11) and DISMISS Kifle's Petition with prejudice.

**SIGNED** July 17, 2020.

                                                    REBECCA RUTHERFORD
                                                   UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).