IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TESFAHIWET KIFLE, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:19-cv-01854-L** |
| TONY BRYSON, | § | |
| Respondent. | § | |

## **ORDER**

On July 17, 2020, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12), recommending that Petitioner Tesfahiwet Kifle's ("Petitioner") Petition to Amend Certificate of Naturalization ("Petition") (Doc. 1) be dismissed with prejudice for failure to state a claim. Specifically, Magistrate Judge Rutherford determined that the court should grant Respondent Tony Bryson's ("Respondent") Motion to Dismiss ("Motion") (Doc. 11), as Petitioner has not established that he is entitled to relief under Rule 60(b). No objections to the Report were filed.

Magistrate Judge Rutherford cites *Sea v. USCIS*,[1] and *Yeshiwas v. USCIS*,[2] as an alternate basis for dismissing the Petition. The court, however, does not base any part of its determination on these cases. In the cases cited, both petitioners sought relief under Rule 60(b) 20 to 25 years, respectively, after discovering their correct birthdates, which is significantly longer than Petitioner's four-year delay. The court does not consider these cases to be factually analogous to

---

[1] 2015 WL 5092509, at *3 (D. Minn. Aug. 28, 2015).

[2] 2014 WL 31455, at *3 (N.D. Cal. Jan. 3, 2014).

Order - 1

the case before it. The court agrees with Magistrate Judge Rutherford's recommendation regarding delay for other reasons.

First, Petitioner admits that he was privy to the information regarding a different birthdate in 2014, and found documents supporting his position in 2015. He did not file his Petition, however, until 2019, and he does not cite any basis as to why he could not have filed a request to amend sooner. Second, in 2017, the record reflects that Petitioner initiated a case related to his naturalization but subsequently abandoned the case. While the basis for Petitioner's 2017 case is unclear, the court reasonably infers that he could have brought forth the issue with his birthdate at that time, but he did not do so. Thus, the court determines that the four-year delay under these circumstances does not warrant relief under Rule 60(b), or any other basis under Rule 60.

After reviewing the pleadings, record, file, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court, except as herein modified. Accordingly, the court **grants** Respondent's Motion to Dismiss (Doc. 11) and **dismisses with prejudice** the Petitioner's Petition to Amend Certificate of Naturalization (Doc. 1).

**It is so ordered** this 7th day of August, 2020.

Sam A. Lindsay
United States District Judge

Order - 2